**Form B1, p.1 (12/11)**   Blumberg ExcelsioR, Inc., • Publisher, NYC 10013

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| Northern **District of** Illinois | |

| Name of Debtor(if individual, enter Last, First, Middle): Maribeth Tzavras | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the debtor in the last 8 years (include maiden and trade names): Maribeth Costello | All Other Names used by the joint debtor in the last 8 years (include maiden and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): 3652 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): |

| Street Address of Debtor (No. & Street, City and State): 13023 Kensington Dr. Plainfield, Illinois | ZIP CODE 60585 | Street Address of Joint Debtor (No. & Street, City and State): | ZIP CODE |
|---|---|---|---|
| County of Residence or of the Principal Place of Business: Will | | County of Residence or of the Principal Place of Business: | |
| Mailing Address of Debtor (if different from street address): (same) | ZIP CODE | Mailing Address of Joint Debtor (if different from street address): | ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | | | ZIP CODE |

**Type of Debtor (Form of Organization)**
(Check one box)
- ☒ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Tax-Exempt Entity**
(Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (*the Internal Revenue Code*).

**Nature of Business**
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. §101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed**
(Check one box)
- ☒ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts (check one box)**
- ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☐ Debts are primarily business debts.

**Filing Fee**   (Check one box)
- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee Waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. §101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. §101(51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

**Check all applicable boxes:**
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**   THIS SPACE FOR COURT USE ONLY

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds for distribution to unsecured creditors

| Estimated number of Creditors | 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |



**Form B1, p.2 (12/11)**        **Blumberg**Excelsior, Inc., Publisher, NYC 10013

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Maribeth Tzavras |

| **All prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)** | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.   I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code. |
| ☐ Exhibit A is attached and made part of this petition. | /s/ Lawrence G. Zdarsky                    10/09/2014<br>Signature of Attorney for Debtor(s).                    Date: |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a seperate Exhibit D.)

☒ Exhibt D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made part of this petition.

**Information Regarding the Debtor-Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately proceeding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business, or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes)*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

Name of landlord that obtained judgment:

Address of landlord:

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. & 362(1)).

Form B1, p.3 (12/11)    **Blumberg** Excelsior, Inc., Publisher, NYC 10013

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> Maribeth Tzavras |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. <br><br> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. <br><br> [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by §342(b) of the Bankruptcy Code. <br><br> I request relief in accordance with the chapter title 11, United States Code, specified in this petition. <br><br> X /s/ Maribeth Tzavras <br> _____ <br> Signature of Debtor <br><br> X _____ <br> Signature of Joint Debtor <br><br> Telephone Number (If not represented by attorney) <br> _____ 10/09/2014 <br> Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. <br><br> (Check only one box.) <br><br> ☐  I request relief in accordance with chapter 15 of title 11, United States Code.  Certified copies of the documents required by §1515 of title 11 are attached. <br><br> ☐  Pursuant to §1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition.  A certified copy of the order granting recognition of the foreign main proceeding is attached. <br><br> X _____ <br> (Signature of Foreign Representative) <br><br> (Printed Name of Foreign Representative) <br><br> 10/09/2014 <br> Date |

| **Signature of Attorney** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X /s/ Lawrence G. Zdarsky <br> _____ <br> Signature of Attorney for Debtor(s) <br> Printed Name of Attorney for Debtor(s) <br> Lawrence G. Zdarsky <br> Firm Name <br> Lorenzini & Associates <br> Address <br> 23808 W. Andrew Rd  -  Unit 3 <br> Plainfield, Illinois  60585 <br> Telephone Number <br> 815-254-7200 <br> Date 10/09/2014 <br> *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in U.S.C. §110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor as required in that section. Official Form 19B is attached. <br><br> Printed Name and title, if any, of Bankruptcy Petition Preparer <br><br> Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. §110.) <br> Address <br><br> X _____ <br> Date 10/09/2014 <br> Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above. <br><br> Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual: <br><br> If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. <br><br> *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.* |
| **Signature of Debtor(Corporation/Partnership)** <br> I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. <br><br> The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X _____ <br> Signature of Authorized Individual <br><br> Printed Name of Authorized Individual <br><br> Title of Authorized Individual <br><br> Date 10/09/2014 | |

Official Form B1, Exhibit C, 9-01    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT     Northern **DISTRICT OF** Illinois

In re: Maribeth Tzavras                    Debtor(s)    Case No.              (If known)

*EXHIBIT"C"  If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.*

**EXHIBIT "C" to Voluntary Petition**

1.  Identify and briefly describe all real or personal property owned or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if neccessary):

None

2.  With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

None

Form B1, Exhibit D (12/09) Page 1    Blumberg Excelsior, Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT

Northern **District of** Illinois

In re  Maribeth Tzavras                                    Case No.

Debtor(s)                                                       (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

Maribeth Tzavras

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose any filing fee you paid, and your creditors will be able to resume collection activities agaist you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*



Form B1, Exhibit D (12/09) Page 2    BlumbergExcelsior, Publisher, NYC 10013

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate a credit counseling briefing in person. by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: /s/ Maribeth Tzavras _____

                            Maribeth Tzavras

Date: 10/09/2014 _____

Form B6 SUM  (12/07)        Blomberg Excelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT Northern      DISTRICT OF Illinois

In re: Maribeth Tzavras                    Debtor(s)   Case No.
                                           Chapter

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I and  J in  the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data"  if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (Yes/No) | Number of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | x | 1 | 459000.00 | | |
| B - Personal Property | x | 5 | 17025.00 | | |
| C - Property Claimed as Exempt | x | 2 | | | |
| D - Creditors Holding Secured Claims | x | 1 | | 448946.00 | |
| E - Creditors Holding Unsecured Priority Claims | x | 1 | | 10497.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | x | 2 | | 30,737.00 | |
| G - Executory Contracts and Unexpired Leases | x | 1 | | | |
| H - Codebtors | x | 1 | | | |
| I - Current Income of Individual Debtor(s) | x | 1 | | | 5371.00 |
| J - Current Expenditures of Individual Debtor(s) | x | 1 | | | 7101.00 |
| Total Number of Sheets of All Schedules | | 16 | | | |
| Total Assets | | | 476025.00 | | |
| Total Liabilities | | | | 490180.00 | |

Form B6, S2, (12/07)          **Blumberg**Excelsior, Inc., Publisher, NYC 10013

# United States Bankruptcy Court
### Northern District Of Illinois

In re: Maribeth Tzavras

Debtor(s)

Case No.

Chapter    7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 10,497.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| TOTAL | $ | 10,497.00 |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I Line 16) | $ | 5,371.00 |
| Average Expences (from Schedule J, Line 18) | $ | 7,101.00 |
| Current Monthly Income (from Form 22A Line 12; **OR** Form 22B Line 11; **OR,** Form 22C Line 20) | $ | 350.00 |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "Unsecured Portion, IF ANY" column | | $ | 1,000.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY, IF ANY" column | $ 10,497.00 | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | 0.00 |
| 4. Total from Schedule F | | $ | 30,737.00 |
| 5. Total from non-priority unsecured debt (sum of 1, 3, and 4) | | $ | 31,737.00 |

**The foregoing information is for statistical purposes only under 28 U.S.C § 159.**

**Form B6 A  (12/07)**      **Blumberg** Excelsior, Inc., Publisher, NYC 10013

In re: Maribeth Tzavras                                          Debtor(s) Case No.                    (if known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 13023 Kensington Drive, Plainfield, Il.  60585 Primary residence of Debtor & family (single family home) | Owner | | 284,000.00 | 271,000.00 |
| 3043 Crystal Rock Rd., Naperville, Il.  60564 - Townhouse.  Rental property | Owner | | 175,000.00 | 176,000.00 |
| | | Total -> | $459,000.00 | (Report also on Summary of Schedules) |

**Form B6 B  (12/07)**  Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:  Maribeth Tzavras                    Debtor(s)   Case No.                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 01 Cash on hand | | Cash On Hand (Avg.) | | 275.00 |
| 02 Checking savings or other financial accounts certificates of deposit or shares in banks savings and loan thrift building and loan and homestead associations or credit unions brokerage houses or cooperatives. | | Jt. Checking Account with spouse @ PNC Bank.  Acct. # ----8253.  Avg. balance | | 450.00 |
| 03 Security Deposits with public utilities telephone companies landlords and others. | x | | | |
| 04 Household goods and furnishings including audio video and computer equipment. | | Misc. household furnishings, furniture, electronics, a MAC computer, and misc. items | | 1,150.00 |
| 05 Books; pictures and other art objects; antiques; stamp coin record tape compact disc and other collections or collectibles. | | family memorabilia, pictures, books, photos and other personal items of nominal value. | | 0.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)  Total ->  1,875.00

_____ Continuation sheets attached

Form B6 B (12/07)    BlumbergExcelsior, Inc., Publisher, NYC 10013

In re:  Maribeth Tzavras                                    Debtor(s)    Case No.                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 06  Wearing apparel. | | necessary clothing and accessories of nominal value | | 0.00 |
| 07  Furs and jewelry. | | costume jewelry and a wedding band | | 500.00 |
| 08  Firearms and sports photographic and other hobby equipment. | x | | | |
| 09  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | x | | | |
| 10  Annuities. Itemize and name each issuer. | x | | | |
| 11  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1) Give particulars.(file separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | x | | | |
| 12  Interests in IRA ERISA Keogh or other pension or profit sharing plans. Give particulars. | | IRA with Wells Fargo.  Acct. # ---6515 | | 10,125.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total ->    12,500.00

_____ Continuation sheets attached

Form B6 B  (12/07)
Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:   Maribeth Tzavras                                    Debtor(s)   Case No.                          (if known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13 Stock and interest in incorporated and unincorporated businesses. Itemize. | | Stock  Sub-S personal services business.  MRC REAL ESTATE INC. Company has no assets. Stock has only nominal  value , solely based on the personal services of sole owner - Debtor. | | 0.00 |
| 14 Interest in partnerships or joint ventures. Itemize. | x | | | |
| 15 Government and corporate bonds and other negotiable and non-negotiable instruments. | x | | | |
| 16 Accounts receivable. | x | | | |
| 17 Alimony maintenance support and property settlements to which the debtor is or may be entitled. Give particulars. | x | | | |
| 18 Other liquidated debts owing debtor including tax refunds. Give particulars. | x | | | |
| 19 Equitable or future interests life estates and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A of Real Property. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->   |   12,500.00

_____ Continuation sheets attached

**Form B6 B** (12/07)

Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:   Maribeth Tzavras                                    Debtor(s)   Case No.                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 20 Contingent and non-contingent interests in estate of a decedent death benefit plan life insurance policy or trust. | x | | | |
| 21 Other contingent and unliquidated claims of every nature including tax refunds counterclaims of the debtor and rights to setoff claims. Give estimated value of each. | x | | | |
| 22 Patents copyrights and other general intellectual property. Give particulars. | x | | | |
| 23 Licenses franchises and other general intangible. Give particulars. | x | | | |
| 24 Customer lists or compilations containing personally identifiable information (as defined in 11U.S.C. §101(41A)) provided by individuals connected with obtaining product or service from the debtor primarily for personal family or household purposes. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->   12,500.00

_____ Continuation sheets attached

**Form B6 B  (12/07)** Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:  Maribeth Tzavras                                    Debtor(s)    Case No.                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 25 Automobiles trucks trailers and other vehicles and accessories. | | 2005 Lincoln LS.  140,000 miles. Vin. #  ---8132 | | 4,525.00 |
| 26 Boats motors and accessories. | x | | | |
| 27 Aircraft and accessories. | x | | | |
| 28 Office equipment furnishings and supplies. | x | | | |
| 29 Machinery fixtures equipment and supplies used in business. | x | | | |
| 30 Inventory. | x | | | |
| 31 Animals. | x | | | |
| 32 Crops-growing or harvested. Give particulars. | x | | | |
| 33 Farming equipment and implements. | x | | | |
| 34 Farm supplies chemicals and feed. | x | | | |
| 35 Other personal property of any kind not already listed. Itemize. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total ->    17,025.00

_____ Continuation sheets attached

**Form B6 C (04/10)**   Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: Maribeth Tzavras                                  Debtor(s)   Case No.                    (if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

**Debtor claims the exemptions to which debtor is entitled under:**

☐ Check if debtor claims a homestead exemption that exceeds $146,450

☐ 11 U.S.C. § 522(b)(2)

☒ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 13023 Kensington Drive, Plainfield, Il.  60585 Primary residence of Debtor & family (single family home) | 735 ILCS 5/12-901 | 15,000.00 | 284,000.00 |
| Cash On Hand (Avg.) | 735 ILCS 5/12-1001(b) | 275.00 | 275.00 |
| Jt. Checking Account with spouse @ PNC Bank.  Acct. # ----8253.  Avg. balance | 735 ILCS 5/12-1001(b) | 450.00 | 450.00 |
| Misc. household furnishings, furniture, electronics, a MAC computer, and misc. items | 735 ILCS 5/12-1001(b) | 1,150.00 | 1,150.00 |
| family memorabilia, pictures, books, photos and other personal items of nominal value. | 735 ILCS 5/12-1001(a) | 0.00 | 0.00 |
| necessary clothing and accessories of nominal value | 735 ILCS  5/12-1001(a) | 0.00 | 0.00 |
| costume jewelry and a wedding band | 735 ILCS 5/12-1001(b) | 500.00 | 500.00 |
| IRA with Wells Fargo.  Acct. # ---6515 | 735 ILCS 5/12-1006 | 10,125.00 | 10,125.00 |

**Form B6 C (04/10)**   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Maribeth Tzavras                                    Debtor(s)   Case No.                    (if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

**Debtor claims the exemptions to which debtor is entitled under:**        ☐ Check if debtor claims a homestead exemption that exceeds $146,450

☐ 11 U.S.C. § 522(b)(2)

☒ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Stock  Sub-S personal services business.  MRC REAL ESTATE INC.  Company has no assets. Stock has only nominal  value , solely based on the personal services of sole owner - Debtor. | 735 ILCS 5/12-1001(b) | 0.00 | 0.00 |
| 2005 Lincoln LS.  140,000 miles.  Vin. #  ---8132 | 735 ILCS 5/12-1001(c) = $2400 auto exemption: Add'l approx. $225 from general exemption 735 ILCS 5/12-1001(b) | 2,625.00 | 4,525.00 |

Form B6 D  (12/07)                    Brumberg Excelsior, Inc., Publisher, NYC 10013

In re: Maribeth Tzavras                                    Debtor(s)  Case No.

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBT | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTON AND MARKET VALUE OF PROPERTY SUBJECT OF LIEN | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY | CUD* |
|---|---|---|---|---|---|---|
| A/C # ---- 4765 | | | VALUE $  284,000.00 | 251,000.00 | 0.00 | |
| Coldwell Banker Mortgage<br>P.O.Box 5452<br>Mt. Laurel, NJ  08054-5452 | | | First Mortgage on Family residence purchased in August 2005,  13023 Kensington, Plainfield, Il. | | | |
| A/C # ---- 9770 | | | VALUE $  284,000.00 | 19,900.00 | 0.00 | |
| First American Bank<br>P O Box 7983<br>Elk Grove Village, Il. 600 | | | HELOC on family residence @ 13023 Kensington, Plainfield, Il. | | | |
| A/C # ---- 7158 | | | VALUE $  4,625.00 | 2,046.00 | 0.00 | |
| Ford Credit<br>P O Box 542000<br>Omaha, NE 68154-8000 | | | Car loan secured by 2005 Lincoln LS Sedan | | | |
| A/C # ---- 0939 | | | VALUE $  175,000.00 | 176,000.00 | 1,000.00 | |
| Nationstar  Mortgage<br>P O Box 650783<br>Dallas, TX  75265 | | | First Mortgage on rental property - townhome @ 3043 Crystal Rock Rd., Naperville, Il. | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |

| | | |
|---|---|---|
| Subtotal -><br>(Total of this page) | 448,946.00 | 1,000.00 |
| Total -> | 448,946.00 | 1,000.00 |

_____
Continuation Sheets attached. (use only on last page of the completed Schedule D.)

(Report total also on Summary of Schedules)    (If applicable, Report also on Statistical Summary of Certain Liabilities and Related Data.)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

Form B6 E  (04/10)   Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: Maribeth Tzavras                              Debtor(s)   Case No.                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $11,725 per employee, earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4)

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $5775 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. §507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to a maximum of $2425 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7)

☐ **Alimony, Maintenance, or Support**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative od such child, or a governmental unit whom such a domestic support claim was assigned to the extent provided in U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(7).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(8)

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for deathe or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intocicated from using alcohol, a drug, or another substance 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NO. (See Instructions) | C O D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMT NOT ENTITLED TO PRIORITY, IF ANY | C U D * |
|---|---|---|---|---|---|---|---|
| A/C# ----3652 | | | | 10,497.00 | 10,497.00 | | |
| Internal Revenue Service Department Of The Treasury Cincinnati, OH  45999-0030 | | | Prior year income taxes owed | | | 0.00 | |
| | | | Total -> | | | | |
| | | | | | Total -> | | |
| | | | | | | | |
| | | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Continuation Sheets attached. | Subtotal -> (Total of this page) | 10,497.00 | 10,497.00 | | |
| | | | 0.00 | | |
| (Use only on last page of the completed Schedule E. (Report total also on Summary of Schedules.)   Total -> | | 10,497.00 | 10,497.00 | | |
| (Use only on last page of the completed Schedule E.) | Total -> | | 0.00 | | |
| If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | | | | |

**Form B6 F (12/07)**      **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Maribeth Tzavras                      Debtor(s)      Case No.                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 14 AR 0028 (Will)<br>Cach, LLC<br>c/o John C. Bonewicz PC<br>350 N. Orleans St.<br>Suite 300<br>Chicago, Il.  60654 | | | Lawsuit for credit card charges.  Household expenses w/ MBNA America Acct. # --- 2244. | | 20,615.00 |
| --- 6817<br>Chase<br>P O Box 15298<br>Wilmington, DE  19850 | | | Household and family expenses.  Credit card purchases through June 2011. | | 2,230.00 |
| ---- 6806<br>Chase/Bank One Card Srvs<br>P O Box 15298<br>Wilmington, DE  19850 | | | Necessary Household purchases and family expenses through 2011 | | 4,503.00 |
| ---- 6771<br>DuPage Medical Group<br>c/o Nationwide Credit Inc<br>815 Commerce Dr.,  #100<br>Oak Brook, Il.  60523 | | | Outstanding medical services bill  (Acct. # 6771) | | 300.00 |
| ---- 1438<br>Merchants' Credit<br>223 W. Jackson Blvd.<br>Suite 700<br>Chicago, Il.  60606 | | | Edward Hospital medical services. Acct. ---- 4748) two separate bills. | | 1,737.00 |
| ----1360<br>Plainfield North H.S.<br>12005 S. 248th Street<br>Plainfield, Il.  60585 | | | Educational Expenses for Debtor's daughter | | 1,082.00 |

___X___ continuation sheets attached.

Subtotal  $  30,467.00

Total  $  30,467.00

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)

**Form B6 F (12/07)**        **Blumberg**Excelsior, Inc., Publisher, NYC 10013

**In re:** Maribeth Tzavras                    **Debtor(s)**        **Case No.**                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO-DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ----8638<br><br>Portfolio Recovery<br>120 Corporate Blvd.<br>Norfolk, VA  23502 | | | World Financial Network Bank.  Credit Card bill of $270.  Acct. # 59108***. | | 270.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

_____ continuation sheets attached.

Subtotal $  270.00

(Use only on last page of the completed Schedule F.)        Total $  30,737.00
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)

 **Form B6 G (12/07)**    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Maribeth Tzavras                                                                 Debtor(s)   Case No.                      (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

**Form B6 H  (12/07)**    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re:    Maribeth Tzavras                                    Debtor(s)   Case No.                    (if known)

# SCHEDULE H - CODEBTORS

☒  Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

Form B6 I  (12/07)
**Blumberg** Excelsior, Inc., Publisher, NYC 10013

In re: Maribeth Tzavras                           Debtor(s)  Case No.                    (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|
| Debtor's Marital Status | RELATIONSHIP | AGE |
| Married | daughter | 17 |

| Employment | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Real Estate Broker (self-employed | Restaurant  -  Server |
| Name of Employer | Re/Max Professional Select | Basils Greek Dining |
| How long employed | 9 years (ind. contractor) | 6 months |
| Address of Employer | 2272 95th Street  - Suite 200 Naperville, Il.  60564 | Aurora, Illinois |

INCOME:  (Estimate of average monthly income at time case filed)           DEBTOR        SPOUSE

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Current monthly gross wages, salary,and commissions (pro rate if not paid monthly.) | 350.00 | 622.00 |
| 2. | Estimate monthly overtime | 0.00 | 0.00 |
| 3. | SUBTOTAL | 350.00 | 622.00 |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes and social security | | 85.00 |
| | b. Insurance | | |
| | c. Union dues | | |
| | d. Other (Specify) | | |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 85.00 |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $ 350.00 | $ 537.00 |
| 7. | Regular income from operation of business or profession or farm (attach detailed statement) | 4166.00 | |
| 8. | Income from real property | 0.00 | |
| 9. | Interest and dividends | | |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | 318.00 | |
| 11. | Social security or other government assistance (Specify) | | |
| 12. | Pension or retirement income | | |
| 13. | Other monthly income (Specify) | | |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | | |
| 15. | AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 4834.00 | $ 537.00 |
| 16. | COMBINED AVERAGE MONTHLY INCOME (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $ 5371.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
Chiled Support Payments end 3/15 when dependent reaches age of majority

**Form B6 J  (12/07)**     **Blumberg** Excelsior, Inc., Publisher, NYC 10013
Established 1887

In re:  Maribeth Tzavras                                    Debtor(s) Case No.                    (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The monthly average income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | |
|---|---:|
| 1. Rent or home mortgage payment  (include lot rented for mobile home)  $ | 2103.00 |
| a. Are real estate taxes included? ☒ Yes ☐ No   b. Is property insurance included? ☒ Yes ☐ No | |
| 2. Utilities  Electricity and Heating Fuel | 275.00 |
| b. Water and Sewer | 100.00 |
| c. Telephone | 245.00 |
| d. Other | |
|    Internet, cable etc | 145.00 |
| 3. Home maintenance (repairs and upkeep) | 225.00 |
| 4. Food | 475.00 |
| 5. Clothing | 125.00 |
| 6. Laundry and dry cleaning | 25.00 |
| 7. Medical and dental expenses | 320.00 |
| 8. Transportation (not including car payments) | 275.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | 25.00 |
| 10. Charitable contributions | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | 0.00 |
| b. Life | 0.00 |
| c. Health | 400.00 |
| d. Auto | 100.00 |
| e. Other | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) Fed. & State Inc. Taxes and SE Tax | 452.00 |
| 13. Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | |
| a. Auto | 295.00 |
| b. Other | |
| c. Other | |
|    IRS  Installment Agreement | 225.00 |
|    First American Bank  (HELOC) | 48.00 |
|    Kensington HOA | 60.00 |
|    Property Specialist  - Clearwater | 195.00 |
| 14. Alimony, maintenance, and support paid to others | |
| 15. Payments for support of additional dependents not living at your home | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17. Other   Operating Loss - Crystal Rock Dr. | |
|    Avg. Mthly cash basis loss | 988.00 |

| | |
|---|---:|
| 18.  TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules and, | $  7101.00 |
| if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

19.  Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20.  STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a. Average monthly income from line 15 of Schedule I | |
| b. Average monthly expenses from Line 18 above | |
| c. Monthly net income (a. minus b.) | 0.00 |



Form B6 Cont. (12-07)    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re:  Maribeth Tzavras

Debtor(s)  Case No.                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __17__ sheets, and
that they are true and correct to the best of my knowledge, information, and belief.
<span style="font-size:smaller">(Total shown on summary page plus 2.)</span>

Date __10/9/14__                  Signature _/s/ Maribeth Tzavras_____

                                      Maribeth Tzavras              Debtor

Date_____          Signature_____

                                                            (Joint Debtor, if any)

*(If joint case, both spouses must sign.)*

— — — — — — — — — — — — — — — — — — — — — — — — — — — —

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See U.S.C. §110.)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. §110; (2) I prepared this
document for compensation and have provided the debtor with a copy of this document and the notices and information required
under 11 U.S.C. §§110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C.
§110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the
maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that
section.

Print or Type Name and Title, if any, of Bankruptcy Petition Preparer        Social Security No. (Required by
                                                              11 U.S.C. §110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the*
*officer, principal, responsible person, or partner who signs this document.*

Address:

X_____        _____
    Signature of Bankruptcy Petition Preparer                        Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document, unless the
bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person*

**A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in**
**fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.**

— — — — — — — — — — — — — — — — — — — — — — — — — — — —

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation
or a member or an authorized agent of the partnership] of the _____ [corporation or partnership]
named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
__17__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
<span style="font-size:smaller">(Total shown on summary page plus 1.)</span>

Date _____          Signature _____

                                            (Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years
or both. 18 U.S.C. §§ 152 and 3571.

B6 Cover (Form 6 Cover) (12/07)   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

# FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Property Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I  -  Current Income of Individual Debtor(s)
Schedule J -  Current Expenditures of Individual Debtor(s)

Unsworn Declaration Under Penalty of Purjury

GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of
any amendments thereto must contain a caption as in Form 16B.  Subsequent pages should be
identified with the debtor's name and case number.  If the schedules are filed with the petition,
the case number should be left blank.

Schedules D, E, and F have been designated for the listing of each claim only once.  Even
when a claim is secured only in part or entitled to priority only in part, it still should be listed
only once.
A claim which is secured in whole or in part should be listed on Schedule D only, and a claim
which is entitled to priority in whole or in part should be listed on Schedule E only.  Do not
list the same claim twice.  If a creditor has more than one claim, such as claims arising from
seperate transactions, each claim should be scheduled seperately.

Review the specific instructions for each schedule before completing the schedule.

 Form 7 Stmt of Financial Affairs (12/12)    **Blumberg** Excelsior, Inc., Publisher, NYC 10013

# STATEMENT OF FINANCIAL AFFAIRS
### UNITED STATES BANKRUPTCY COURT
Northern DISTRICT OF Illinois

In re:  Maribeth Tzavras

Debtor(s)  Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. Sec, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business with in the last 6 years, as defined below, also must complete Questions 19-25. If the answer to any question is "None" or the question is not applicable, mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINATIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, orowner of 5 percent or more of the voting or equity securities of a corporation; a partner other than a limited partner, of a partnership, a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

NONE

| |

## 01 INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS

State the gross amount of income the debtor has received from employment trade or profession or from operation of the debtor's business including part-time activities either as an employee or in independent trade or business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains or has maintained financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCES |
|---|---|
| $ 53139.00 | 2013 total household/family AGI |
| $ 67318.00 | 2012 total household/family AGI |
| $ 41000 | 2014 Household Gross Inc. through 3 qtrs. |

NONE
|X|

02 INCOME OTHER THAN FROM EMPLOYMENT OR OPERATION OF BUSINESS

State the amount of income received by the debtor other than from employment trade profession operation of the debtor's business during the two years immediately preceeding the commencement of this case.  Give particulars.  If a joint petition is filed state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
| |  |

## 03A PAYMENTS TO CREDITORS

List all payments on loans installment purchases of goods or services and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| AMOUNT STILL OWNING | NAME AND ADDRESS OF CREDITOR | PAYMENT DATES | AMOUNT PAID |
|---|---|---|---|
| $ 251000.00 | ColdwellBanker Mortgage (1st Mrtge - Family Residence) | monthly | $2078 |
| $ 19940 | First Amrican Bank (HELOC) Family Residence | monthly | $48 |
| $ 176057 | Nationstar Mortgage (1st Mort. on rental property) | monthly | $1492 |
| $ 2046 | Ford Credit (Car Pmt. Lincoln LS) | monthly | $295 |
| 10497.00 | IRS  (past Taxes) | monthly | $225 |



NONE
|X| 03B PAYMENTS TO CREDITORS

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5850.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X| 03C PAYMENTS TO CREDITORS

List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
| | 04A SUITS AND ADMINISTRATIVE PROCEEDINGS EXECUTION GARNISHMENTS AND ATTACHMENTS

List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT | NATURE OF PROCEEDING | COURT & LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Cach LLC V. Costello  (14 AR 0028) | Credit Card Debt of $20,615 | Will County Circuit Court | Pending |

NONE
|X| 04B SUITS AND ADMINISTRATIVE PROCEEDINGS EXECUTION GARNISHMENTS AND ATTACHMENTS

Describe all property that has been attached garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X|   05 REPOSSESSIONS FORECLOSURES AND RETURNS

List all property that has been repossessed by a creditor sold at a foreclosure sale transferred through a deed in lieu of foreclosure or returned to the seller within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X|   06A ASSIGNMENTS AND RECEIVERSHIPS

Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X|   06B ASSIGNMENTS AND RECEIVERSHIPS

List all property which has been in the ands of a custodian receiver or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed unless spouses are separated and a joint petition is not filed.)

NONE
|X|   07 GIFTS

7List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
| X |    08 LOSSES

List all losses from fire theft other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|   |    09 PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY

List all payments made or property transferred by or on behalf of the debtor to any persons including attorneys for consultation concerning debt consolidation relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Attorney Lawrence G. Zdarsky | This Ch. 7 Case | See Rule 2016(b) form filed with this Petition |

NONE
| X |    10A OTHER TRANSFERS

List all other property other than property transferred in the ordinary course of the business or financial affairs of the debtor transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
| X |    10B OTHER TRANSFERS

List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

NONE

X

## 11 CLOSED FINANCIAL ACCOUNTS

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed sold or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking savings or other financial accounts certificates of deposit or other instruments; shares and share accounts held in banks credit unions pension funds cooperatives associations brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE

X

## 12 SAFE DEPOSIT BOX

List each safe deposit or other box or depository in which the debtor has or had securities, cash or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
X

## 13 SETOFFS

List all setoffs made by any creditor including a bank against a debt or deposit of the debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
X

## 14 PROPERTY HELD FOR ANOTHER PERSON

List all property owned by another person that the debtor holds or controls.

NONE
X

## 15 PRIOR ADDRESS OF DEBTOR

If debtor has moved within three years immediately preceding the commencement of this case list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed report also any separate address of either spouse.

NONE
[X]    16 SPOUSES AND FORMER SPOUSES

If the debtor resides or resided in a community property state commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NONE
[X]    17A ENVIRONMENTAL INFORMATION

List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice and if known the Environmental Law:

NONE
[X]    17B ENVIRONMENTAL INFORMATION

List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

NONE
[X]    17C ENVIRONMENTAL INFORMATION

List all judicial or administrative proceedings including settlements or orders under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding and the docket number.

NONE

18A NATURE LOCATION AND NAME OF BUSINESS

If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was an officer, director, partner or managing executive of a corporation, partner in a partnership, sole proprietor or was self-employed in a trade, profession or other activity either full-or part-time within six years immediately preceding the commencement of this case or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case. List the names addresses taxpayer identification numbers nature of the businesses and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.List the names addresses taxpayer identification numbers nature of the businesses and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all business in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the busiinesses and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| Tax ID# | NAME | BEGINNING AND ENDING DATES | ADDRESS | NATURE OF BUSINESS ADDRESS |
|---|---|---|---|---|

XX-XXX6642     MRC REAL ESTATE   or business address       Personal services corp.
               INC.                                         related to Debtor's real
                                                            estate broker carreer.
                                                            (sole owner)

```
NONE
X
```
18B NATURE LOCATION AND NAME OF BUSINESS

Identify any business listed in response to subdivision a. ,above, that is "single asset real estate" as defined in 11 U.S.C. Sec. 101.

Unsworn Declaration SFA   (04/10)   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Maribeth Tzavras

Debtor(s)   Case No.                    (if known)

# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

## DECLARATION UNDER PENALTY OF PERJURY

(If completed by an individual or individual and spouse) I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date 10/9/14                    Signature /s/ Maribeth Tzavras
                                                            Maribeth Tzavras

Date                                         Signature
                                                            (if joint case, both spouses must sign.)

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. §110)

Printed or Typed Name of Bankruptcy Petition Preparer       Social Security Number
                                                                                        (Required by U.S.C.§110(c)).

Address

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets confirming to the appropriate Official Form for each person.

X_____       _____
  Signature of Bankruptcy Petition Preparer                              Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.*

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the                                         (the president or other officer or an authorized agent of the corporation or a
member or an authorized agent of the partnership) of the                                    (corporation or partnership)
named as debtor in this case, declare under penalty of perjury that I have read the foregoing statement of financial affairs, consisting of
                                    sheets, and that they are true and correct to the best of my knowledge, information, and belief.
        Continuation sheets attached

Date 10/09/2014                    Signature

                                                            (Print or type name of individual signing on behalf of debtor.)

        (An individual signing on behalf of a partnership or corporatoin must indicate position or relationship to debtor.)

## PENALTY FOR MAKING A FALSE STATEMENT OR CONCEALING PROPERTY
Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. §152 and
3571.

 B8 (Official Form 8) (12/08)    **Blumberg** Excelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT

In re  Maribeth Tzavras                                         Case No.
                                                                Chapter    7

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

---

Property No. 1

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Coldwell Banker Mortgage | 13023 Kensington Dr. Plainfield |

Property will be (check one):

☐ Surrendered                    ☒ Retained

If retaining the property, I intend to (check at least one):

☐ Redeem the property

☒ Reaffirm the debt

☐ Other, Explain

Property is (check one):

☒ Claimed as exempt              ☐ Not claimed as exempt

---

Property No. 2    *(if necessary)*

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| First American Bank | 13023 Kensington Dr., Plainfield |

Property will be (check one):

☐ Surrendered                    ☒ Retained

If retaining the property, I intend to (check at least one):

☐ Redeem the property

☒ Reaffirm the debt

☐ Other, Explain

Property is (check one):

☒ Claimed as exempt              ☐ Not claimed as exempt

---

Property No. 3    *(if necessary)*

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Ford Credit / Lincoln Auto. | 2005 Lincoln LS |

Property will be (check one):

☐ Surrendered                    ☒ Retained

If retaining the property, I intend to (check at least one):

☐ Redeem the property

☒ Reaffirm the debt

☐ Other, Explain

Property is (check one):

☒                                ☐ Not claimed as exempt



B8 (Official Form 8) (12/08)          **Blumberg** Excelsior, Inc., Publisher, NYC 10013

**PART B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ YES   ☐ NO |

| Property No. 2   *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ YES   ☐ NO |

| Property No. 3   *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ YES   ☐ NO |

| Property No. 4   *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ YES   ☒ NO |

| Property No. 5   *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ YES   ☐ NO |

| Property No. 6   *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ YES   ☐ NO |

| Property No. 7   *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ YES   ☐ NO |

**I declare under penalty of perjury that the above indicated my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

**Date:** 10/09/2014

/s/ Maribeth Tzavras
**Signature of Debtor**

**Signature of Joint Debtor**



B8 (Official Form 8) (12/08)     **Blumberg** Excelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT

In re   Maribeth Tzavras

Case No.
Chapter   7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

---

Property No. 4  *(if necessary)*

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Nationstar Mortgage | 3043 Crystal Rock, Naperville |

Property will be (check one):

☐ Surrendered      ☒ Retained

If retaining the property, I intend to (check at least one):

☐ Redeem the property

☒ Reaffirm the debt

☐ Other, Explain

Property is (check one):

☐ Claimed as exempt      ☒ Not claimed as exempt

---

Property No. 5   *(if necessary)*

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| | |

Property will be (check one):

☐ Surrendered      ☐ Retained

If retaining the property, I intend to (check at least one):

☐ Redeem the property

☐ Reaffirm the debt

☐ Other, Explain

Property is (check one):

☐ Claimed as exempt      ☐ Not claimed as exempt

---

Property No. 6   *(if necessary)*

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| | |

Property will be (check one):

☐ Surrendered      ☐ Retained

If retaining the property, I intend to (check at least one):

☐ Redeem the property

☐ Reaffirm the debt

☐ Other, Explain

Property is (check one):

☐            ☐ Not claimed as exempt

**Blumberg**Excelsior, Inc., Publisher, NYC 10013

3085W Stmt of Comp.:
Rule 2016(b) (12-95)

# UNITED STATES BANKRUPTCY COURT    Northern **DISTRICT OF** Illinois

In re:  Maribeth Tzavras

Debtor(s)  Case No.                    (if known)

## STATEMENT

**Pursuant to Rule 2016(b)**

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1)  The undersigned is the attorney for the debtor(s) in this Case.

(2)  The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    (a)  for legal services rendered or to be rendered in comtemplation of and in connection

        with this case                                                                                    $         850.00

    (b)  prior to filing this statement, debtor(s) have paid                              $         300.00

    (c)  the unpaid balance due and payable is                                        $         550.00

(3)  $ 325.00                               of the filing fee in this case has been paid.

(4)  The services rendered or to be rendered include the following:

    (a)  analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a
petition under title 11 of the United States Code.

    (b)  preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.

    (c)  representation of the debtor(s) at the meeting of creditors.

        None Other

(5)  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services
performed, and

    None Other

(6)  The source of payments made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from
earnings, wages and compensation for services performed, and

    None Other

(7)  The undersigned has received no transfer, assignment or pledge of property except the following for the value stated:

    None

(8)  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm,
any compensation paid or to be paid except as follows:

    None

Dated:                         **Respectfully submitted,**                    **Attorney for Petitioner**
10-9-14                      /s/ Lawrence G. Zdarsky              Lawrence G. Zdarsky

**Attorney's name and address**
Lorenzini & Assoc., 23808 W. Andrew Rd., Plainfield, Il. 60585

# Lorenzini & Associates, Ltd.
## Attorneys at Law

*Tzavras – Debtor*
*Rule 2016 (b)*
*EXHIBIT A*

| | | |
|---|---|---|
| **1900 Spring Road Suite 501** | **23808 Andrew Road, Unit 3** | **2679 Route 34** |
| Oak Brook, Illinois 60523 | Plainfield, Illinois 60585 | Oswego, Illinois 60543 |
| Phone (630) 684-0400 | Phone (815) 254-7200 | Phone (630) 554-1920 |
| Fax (630) 684-0410 | Fax (815) 254-4111 | Fax (630) 554-1682 |

---

| | | |
|---|---|---|
| *Ronald N. Lorenzini, Jr.* | *Christopher V. Unger* | *Dean J. Kleronomos* |
| *Eric Freeland* | *Gregory E. Bergin* | |
| | *Wade Joyner* | |
| | *Donna S. Hennessy* | |
| | *Lawrence G. Zdarsky (Ext. 23)* | |

## _ATTORNEY- CLIENT AGREEMENT_
### (Bankruptcy Matter)

_Maribeth Tzavras_ _____(Client) retains **LAWRENCE G. ZDARSKY,** & Lorenzini & Associates, Ltd. ("Attorney") to represent Client to file and obtain a <u>Discharge in Bankruptcy and/or otherwise negotiate for and represent client in debt related threatened and/or actual litigation</u>.   Attorney and Client agree to the following:

1.  CLIENT shall pay ATTORNEY a fixed sum (before work commences) of:

    A.  __850⁰⁰__ for Attorney Fees; and

    B.  __400⁰⁰__ for Costs Advanced (as referenced in Par. 7 herein)

    *$625 Down*
    *$625 Remainder*

The aforementioned attorney's fees are fixed for the following legal services to be provided by Attorney: (a) Analysis of client's financial situation and advice regarding filing a Bankruptcy petition and under which chapter; (b) preparation and filing of a petition, schedules and statements as required per the Code; (c) representation of client at one meeting of creditors; and (d) one reaffirmation, confirmation and/or discharge hearing.
It is understood and agreed that the foregoing described fees and legal services are fixed.  Client shall receive no further invoice for services rendered, or detailed hourly billing statement; nor will attorney bill/invoice for any additional fee, regardless of time expended to render the described services.  This is not considered a retainer, but rather is understood as fees for services already rendered.  Notwithstanding the foregoing, however, Attorney & Client acknowledge and agree that any additional services provided will be invoiced per the following additional provisions of this Agreement.

2.  Client agrees to pay Attorney for "Additional Services Rendered."  Client will be advised by Attorney of the need for these additional services if (and when) they arise.  These services may include, but are not limited to:   (a) Motions to convert case to different chapter; (b) negotiation of unknown reaffirmation agreements, (c) dealing with creditor objections to discharge; (d) adversary proceedings; (e) additional Trustee/Court appearances; (f) additional work due to client noncompliance with Code/Rules.

3.  Upon notice to Client that "Additional Services" will be required, Client will be advised of an initial retainer for these anticipated additional services.  The initial retainer shall be applied to the fees incurred, as they are incurred, and the Client understands that the amount billed shall be automatically

1

deducted from the balance of the Client's funds on retainer. The undersigned Client hereby permits such withdrawal of the balance due without further notice. Client shall review each billing statement promptly and address any objection or error soon thereafter.

4. Attorney's fees for these Additional Services and other costs shall be billed by ATTORNEY and paid by Client at the following (discounted) hourly rates and amounts as set forth below:

### Time is billed for LAWRENCE G. ZDARSKY at:

**$ 150.00 per hour - office time;**

**$ 175.00 per hour - court time,**

**$ 65.00 per hour - investigative time and clerk time.**

5. Generally, you will be billed monthly by ATTORNEY for these matters. If Client has no objections to the billing, they will pay all billings within ten days of the billing date. If Client objects, they shall pay within ten days after resolution of any dispute. Client specifically agrees that when the retainer is exhausted, Client will replenish said retainer account.

6. A minimum of one (1) hour shall be charged for court time for each court appearance.

7. Unless agreed otherwise by ATTORNEY, Client agrees to advance any and all costs, including but not limited to court costs, filing fees, process service fees, copy service charges, messenger service fees, fees incurred in connection with the issuance of subpoenas, court reporter or transcript fees, and all other reasonable costs. An accounting of all costs shall be kept and included in the Client's bill.

8. Client agrees to pay all outstanding fees and costs in full prior to the conclusion of this matter

9. ATTORNEY cannot guarantee results and cannot predict a maximum charge. The final bill will be based solely upon the time spent and the costs advanced.

10. This contract is for trial court matters only and does not include any appeals for this matter. Any appeals will require a separate attorney/client agreement.

11. Client acknowledges that they have read this agreement and find the agreement satisfactory and fully understand all provisions in it.

12. Other: _____
_____
_____
_____
_____
_____

Dated: _7-10-14_                              Dated: _7-10-14_

_Maribeth Lavras_                             _Lawrence Zdarsky_
Client                                        Lawrence G. Zdarsky – Attorney


_____
Client

2